IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| GABRIEL SALES CO. OF OAK PARK, INC., | ) | Case No. 12 B 39770 |
| | ) | |
| Debtor. | ) | Honorable Pamela S. Hollis |
| | ) | |

**INTERIM ORDER AUTHORIZING DEBTOR TO ACCEPT CREDIT SECURED BY POST-PETITION LIENS AND SECURITY INTERESTS PURSUANT TO SECTION 364 OF THE BANKRUPTCY CODE AND SCHEDULING A FINAL HEARING**

Upon consideration of the motion (the "Motion") of Gabriel Sales Co. of Oak Park, Inc.. (the "Debtor") requesting this Court to enter an order, on an interim basis, authorizing the Debtor to accept debtor-in-possession credit secured by post-petition liens and security interests pursuant to section 364 of the Bankruptcy Code and scheduling a final hearing on the Motion (the "Final Hearing"); due and proper notice of the Motion having been given to Parts3, LLC ("Parts3"), Great Lakes Business Credit, LLC ("Great Lakes"), and all other parties entitled thereto; a preliminary hearing having been held on the Motion pursuant to the provisions of Fed. R. Bankr. P. 4001(c)(2); all objections, if any having been withdrawn or resolved or overruled by the Court; and sufficient cause appearing therefor;[1]

**THE DEBTOR, PARTS3 AND GREAT LAKES HAVING STIPULATED AND THE COURT THERFORE FINDS THAT:**

A.  On October 5, 2012 (the "Petition Date"), the Debtor commenced in this Court a case under chapter 11 of the Bankruptcy Code (the "Case"). The Debtor is continuing to operate its business as a debtor in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

B.  This Court has subject matter jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

C.  Given the Debtor's current financial condition, the Debtor is unable to obtain unsecured credit allowable under section 503(b)(1) of the Bankruptcy Code as an administrative expense. Credit for certain auto parts on a post-petition basis is not otherwise available without the Debtor securing such indebtedness and obligations with security interests in and the liens upon the Collateral (as defined below) pursuant to sections 364(c) and 364(d) of the Bankruptcy Code.

D.  Notice of the preliminary hearing and the relief requested in the Motion has been given to: (i) the Office of the United States Trustee, (ii) counsel for Great Lakes, (iii) counsel for Community Bank of Oak Park River Forest ("Community Bank"), (iv) all known holders of liens against the Collateral, and (v) all other parties having appeared in this Case or having otherwise requested notice pursuant to Bankruptcy Rule 2002. No official committee of unsecured creditors (the "Committee") has been appointed in the Case.

E.  Great Lakes does not oppose the terms and conditions of this Order, including the priming under section 364(d) as provided for herein, subject to the Court first entering an order approving the motion to establish a sale process (the "Sale Procedures Motion"), which was filed contemporaneously with the Motion.

F.  Parts3 has indicated a willingness to supply auto parts to the Debtor subject to (i) the entry of this Order, and (ii) findings by the Court that such post-petition credit is essential to the Debtor's estate, that the terms of this Order were negotiated in good faith and at arms' length, and that the DIP Liens (as defined below), and the other protections granted pursuant to

this Order will not be affected by any subsequent reversal, modification, vacatur, or amendment of this Order or any other order, as provided in section 364(e) of the Bankruptcy Code.

    G.    Based upon the record presented by the Debtor to this Court: (i) the post-petition credit under the terms provided herein has been negotiated in good faith and at arms' length between the Debtor and Parts3; and (ii) any credit extended to the Debtor pursuant to this Order shall be deemed to have been extended, issued or made, as the case may be, in good faith as required by, and within the meaning of, section 364(e) of the Bankruptcy Code.

    H.    The Debtor has requested immediate entry of this Order pursuant to Bankruptcy Rule 4001(c)(2). The permission granted herein to obtain post-petition credit financing is necessary to avoid immediate and irreparable harm to the Debtor.

Based upon the foregoing findings, stipulations and conclusions, and upon the record made before this Court at the preliminary hearing, and good and sufficient cause appearing therefor;

**NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

    1.    <u>Motion Granted</u>. The Motion is hereby granted on an interim basis subject to the terms and conditions set forth in this Order.

    2.    <u>Authorization</u>. The Debtor is authorized to obtain credit and perform its obligations pursuant to the provisions of this Order. All extensions of credit and all other indebtedness and obligations incurred by the Debtor to Parts3 between May 23, 2013 and the earliest of (i) the date the asset purchase agreement between Parts3 and the Debtor, a copy of which is attached to the Sale Procedures Motion, is terminated; (ii) the date the Court enters a Sale Order (as defined in the Sale Procedures Motion), (iii) the conversion of the Case to a case

under chapter 7, and (iv) the dismissal of the Case pursuant to this Order (including principal, and accrued and unpaid interest, if any) are referred to herein as the "Indebtedness".

3. DIP Liens. Parts3 is hereby granted as security for the repayment of the value (as reflected in the invoices hereinafter provided by Parts3 to the Debtor) of the auto parts supplied to the Debtor from and after May 23, 2013 (the "Parts3 Goods") and for the Indebtedness, pursuant to sections 363, 364(c)(2), 364(c)(3), and 364(d) of the Bankruptcy Code, valid and perfected first liens (the "DIP Liens") (without the necessity of the execution by the Debtor or Parts3 or the filing or recordation of, security agreements, account control agreements, financing statements, or otherwise) on the Parts3 Goods, as well as any and all receivables generated or arising therefrom, including all proceeds from disposition or collection of such receivables (the "Collateral"); provided, however, that to the extent there is ever a dispute regarding the liens of Parts3 created hereunder and the liens of Great Lakes in the Collateral, Parts3 shall bear the burden of establishing that any receivables or proceeds were derived from the Parts3 Goods. The DIP Liens are valid, binding, enforceable and fully perfected as of the date hereof, not subject to subordination, impairment or avoidance, for all purposes in the Case and any successor case. The DIP Liens granted herein shall, pursuant to section 364(d) of the Bankruptcy Code, prime and be senior in all respects to any and all prior liens granted to any party on the Collateral.

4. Termination of Post-petition Credit. Parts3 willingness to extend credit to the Debtor hereunder shall immediately and automatically terminate in Parts3 sole and absolute discretion.

5. Restrictions on the Debtor. No claim or lien having a priority superior or *pari passu* with those granted by this Order to Parts3 upon the Collateral shall be granted by the Debtor while any portion of the Indebtedness remains outstanding without the written consent of

Parts3. Except as expressly permitted by this Order or as otherwise provided in orders authorizing the use of Great Lakes' cash collateral, the Debtor will not, at any time during the Case, grant security interests or liens on the Collateral or any portion thereof pursuant to section 364(d) of the Bankruptcy Code or otherwise.

6. <u>Additional Perfection Measures</u>. Neither the Debtor nor Parts3 shall be required to file financing statements, notices of lien, or similar instruments in any jurisdiction, or take any other action, to attach or perfect the security interests and liens granted under this Order (including, without limitation, the taking possession of any of the collateral, or the taking of any action to have security interests or liens noted on certificates of title or similar documents). Notwithstanding the foregoing, the Debtor shall execute and deliver to Parts3 such financing statements, instruments and other documents as Parts3 may request from time to time, and any such documents filed by Parts3 shall be deemed filed as of the Petition Date.

7. <u>Survival</u>. The provisions of this Order and any actions taken pursuant hereto shall survive the entry of any order (a) confirming any plan under chapter 11 of the Bankruptcy Code in the Case (and, to the extent not satisfied in full in cash, the Indebtedness shall not be discharged by the entry of any such order, or pursuant to section 1141(d)(4) of the Bankruptcy Code, the Debtor having hereby waived such discharge); (b) approving any sale under section 363 of the Bankruptcy Code; (c) converting the Case to a chapter 7 case; or (d) dismissing the Case; and, notwithstanding the entry of any such order, the terms and provisions of this Order shall continue in full force and effect, and DIP Liens granted pursuant to this Order shall continue in full force and effect and shall maintain their priority as provided by this Order until all of the Indebtedness is indefeasibly paid in full in cash.

8. <u>Subsequent Reversal</u>. If any or all of the provisions of this Order are hereafter modified, vacated, amended, or stayed by subsequent order of this Court or any other court: (a) such modification, vacatur, amendment, or stay shall not affect (i) the validity of any obligation of the Debtor to Parts3 that is or was incurred prior to Parts3 receiving written notice of the effective date of such modification, vacatur, amendment, or stay (the "<u>Effective Date</u>"), or (ii) the validity, enforceability or priority of the DIP Liens, or other grant authorized or created by this Order; (b) the Indebtedness pursuant to this Order shall be governed in all respects by the provisions of this Order in effect immediately prior to the Effective Date; and (c) the validity of any credit provided or security interest granted pursuant to this Order are and shall be protected by section 364(e) of the Bankruptcy Code.

9. <u>Effect of Dismissal of Case</u>. If an order dismissing the Case is at any time entered, such order shall provide (in accordance with sections 105 and 349 of the Bankruptcy Code) that the DIP Liens granted to and conferred upon Parts3 and the protections afforded to Parts3 pursuant to this Order shall continue in full force and effect and shall maintain their priorities as provided in this Order until all Indebtedness shall have been paid and satisfied in full in cash (and that such DIP Liens and other protections shall, notwithstanding such dismissal, remain binding on all interested parties).

10. <u>Subsequent Hearing: Procedure for Objections and Entry of Final Order</u>. The Motion is set for a hearing before this Court on June _____, 2013 at _____ a.m./p.m., at which time any party in interest may present any timely filed objections to the entry of a final order that is in form and substance acceptable to Parts3 in its sole discretion (the "<u>Final Order</u>"). The Debtor shall promptly serve a notice of entry of this Order and the Final Hearing, together with a copy of this Order, by regular mail upon the parties identified in paragraph D above. The

notice of the entry of this Order and the Final Hearing shall state that objections to the entry of a Final Order on the Motion shall be in writing and shall be filed with the United States Bankruptcy Court for the Northern District of Illinois no later than June _____, 2013, which objections shall be served so that the same are received on or before 4:00 p.m. (prevailing Central time) of such date by: (i) Barbara Yong, Golan & Christie LLP, 70 W. Madison, Suite 1500, Chicago, Illinois 60602, counsel to the Debtor; (ii) Steven B. Chaiken, Adelman & Gettleman, Ltd., 53 W. Jackson Blvd., Suite 1050, Chicago, Illinois 60604, counsel to Parts3; (iii) Devon J. Eggert, Freeborn & Peters, LLP, 311 South Wacker Drive, Suite 3000, Chicago, Illinois 60606, counsel to Great Lakes; (iv) the United States Trustee; and (iv) counsel to the Committee (if appointed). Any objections by creditors or other parties in interests to any of the provisions of this Order shall be deemed waived unless filed and served in accordance with this paragraph.

11. <u>Objections Overruled or Withdrawn</u>. All objections, if any, to the entry of this Order have been withdrawn or overruled.

12. <u>Findings of Fact and Conclusions of Law</u>. This Order constitutes findings of fact and conclusions of law.

13. <u>Controlling Effect of Order</u>. To the extent any provision of this Order conflicts with any provision of the Motion, the provisions of this Order shall control.

DATED:   May _____, 2013

UNITED STATES BANKRUPTCY JUDGE

Presented by:

Robert R. Benjamin
Barbara Yong
Golan & Christie LLP
70 W. Madison, Suite 1500
Chicago, Illinois 60602
(312) 263-2300
Attorneys for the Debtor